Heather OLMSTED, Respondent-Appellant,

v.

CIRCUIT COURT FOR DANE COUNTY and John P. Schuster, Guardian Ad Litem Interested Parties-Respondents,

Christopher HEIMERL, Petitioner-Respondent,

DANE COUNTY, Respondent.

Court of Appeals

*No. 00–0620. Submitted on briefs September 12, 2000.—Decided November 16, 2000.*

2000 WI App 261

(Also reported in 622 N.W.2d 29.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Andrea L. Baker* of *Andrea L. Baker Law Office,* Madison.

On behalf of the respondent, the cause was submitted on the brief of *David R. Gault,* assistant corporation counsel.

On behalf of the interested parties-respondents, a brief was submitted by *John P. Schuster* of *Schuster & Mader,* Madison.

Before Vergeront, Roggensack and Deininger, JJ.

¶ 1. DEININGER, J. This case involves the compensation of a guardian ad litem in a child placement dispute. Heather Olmsted appeals the trial court's order requiring her to pay guardian ad litem fees after the court had determined that she was indigent. We conclude that the trial court erroneously exercised its discretion in requiring an indigent party to pay guardian ad litem fees. Accordingly, we reverse and remand for further proceedings consistent with this opinion. The parties raise other issues, but we conclude that those issues are not properly before us.

## BACKGROUND

¶ 2. Olmsted moved to modify the terms of placement of her children. The court re-appointed the guardian ad litem who had represented the interests of the children during the initial divorce proceedings. The appointment order directed Dane County to pay for the guardian ad litem's services at the "SCR rate."[1] The guardian ad litem raised questions regarding the terms of his appointment, and the County also requested the court to review the compensation provisions of the appointment order.

¶ 3. The initial issue was whether Olmsted and the children's father, Christopher Heimerl, were indigent.[2] The trial court concluded that Olmsted was

---

[1] Supreme Court Rule 81.02(1) (2000) provides in relevant part that "attorneys appointed by any court to provide legal services . . . shall be compensated at the rate of $70 per hour or a higher rate set by the appointing authority."

[2] Based on financial disclosure statements, Heimerl's gross monthly income was $2454 and his net income was $2086. Olmsted's gross income was $1380, with a net of $1256.44.

indigent, but that Heimerl was not.[3] At the close of the hearing, the trial court ordered both of the parties to pay $50 a month for guardian ad litem fees:

> THE COURT: . . .where are the children living right now, with the father?
>
> MR. HEIMERL: Yes.
>
> THE COURT: All of them?
>
> MR. HEIMERL: Yes.
>
> THE COURT: Well, I'm just looking at Mrs. Heimerl's financial disclosure statement, and she is paying nothing in child support at this time, so—is that correct?
>
> MR. HEIMERL: That's correct.
>
> THE COURT: Yet, she has an allowance of a hundred dollars for entertainment for the children and she—is that during visitation periods or what?
>
> MRS. HEIMERL: Yes, it is, Your Honor.

---

[3] After learning that Olmsted was represented by an attorney through a legal services program for indigent persons, the County stipulated that Olmsted was indigent. Olmsted's representation satisfies the definition of indigence in WIS. STAT. § 814.29(1)(d)2 (1997–98), which relates to the payment of "costs" and "fees." That section neither refers to nor is referenced in the statute relating to the payment of guardian ad litem fees, and the parties ask us to address the proper standard for determining indigence for purposes of the payment of guardian ad litem fees. We decline to do so. The trial court found Olmsted to be indigent, and no one disputes that finding on appeal. Also, Heimerl has not appealed the determination that he was not indigent. Thus, the issue of whether the trial court erred in determining the indigence of either party is not before us.

THE COURT: Well, I think I could at least order her to pay fifty dollars per month towards the guardian ad litem fees, and if you could—

[MR. HEIMERL'S ATTORNEY]: We would do the same.

¶ 4. The court subsequently entered an order directing the following:

During the pendency of this action, the parties in this case shall pay for GAL services at the rate of $70.00/hr. as proportioned by the Court: Petitioner: $50.00/month and Respondent $50.00/month, and paid into the trust account of the GAL upon billing by the GAL, beginning 2/14/00; upon receiving a final bill for services, the parties are to make payments directly to the attorney.

We granted Olmsted leave to appeal the trial court's order.[4]

## ANALYSIS

¶ 5. The principal issue in this appeal is whether the trial court erroneously exercised its discretion when it ordered a party it had determined to be indigent to pay guardian ad litem fees. *See Doerr v. Doerr*, 189 Wis. 2d 112, 125, 525 N.W.2d 745 (Ct. App. 1994). Olmsted argues that the only reasonable interpreta-

---

[4] Olmsted initially petitioned this court for a supervisory writ, but because the petition sought interlocutory review of a non-final order and was filed within the ten-day period for seeking leave to appeal, we invited the parties to address whether we should grant Olmsted leave to appeal the order. After reviewing the responses, we granted the leave and subsequently granted Dane County's motion to intervene as a respondent. The guardian ad litem also filed a brief with this court, but Heimerl has not participated in the appeal.

tion of WIS. STAT. § 767.045(6) (1997–98)[5] is that an indigent party may not be ordered to pay guardian ad litem fees. We agree. A related question, which we address first, is whether the statute permits a court to order the county to pay guardian ad litem fees when only one party to a Chapter 767 proceeding is found to be indigent. We conclude it does not.

¶ 6.   The primary purpose of statutory construction is to determine and give effect to the intent of the legislature. *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). We determine the legislature's intent by "examining the language of the statute" and, if necessary, "the scope, history, context, subject matter and purpose of the statute." *State ex rel. Sielen v. Circuit Court*, 176 Wis. 2d 101, 106, 499 N.W.2d 657 (1993). Where the language chosen by the legislature is clear and unambiguous, we arrive at the intent of the legislature by "giving the language its plain, ordinary and accepted meaning." *State v. Mendoza*, 96 Wis. 2d 106, 114, 291 N.W.2d 478 (1980). If a statute clearly sets forth the legislative intent, we simply apply the statute to the facts presented. *Cox v. DHSS*, 184 Wis. 2d 309, 316, 517 N.W.2d 526 (Ct. App. 1994).

¶ 7.   WISCONSIN STAT. § 767.045(6) provides as follows:

> The guardian ad litem shall be compensated at a rate that the court determines is reasonable. *The court shall order either or both parties to pay all or any part of the compensation of the guardian ad litem.* In addition, upon motion by the guardian ad

---

[5] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

litem, the court shall order either or both parties to pay the fee for an expert witness used by the guardian ad litem, if the guardian ad litem shows that the use of the expert is necessary to assist the guardian ad litem in performing his or her functions or duties under this chapter. *If both parties are indigent, the court may direct that the county of venue pay the compensation and fees.* If the court orders a county to pay the compensation of the guardian ad litem, the amount ordered may not exceed the compensation paid to private attorneys under s. 977.08(4m)(b). The court may order a separate judgment for the amount of the reimbursement in favor of the county and against the party or parties responsible for the reimbursement. The court may enforce its orders under this subsection by means of its contempt power.

(Emphasis added.) The statute explicitly grants the trial court authority to allocate the payment of "all or any part" of the guardian ad litem fees to "either or both parties." It further provides that "[i]f both parties are indigent," the court "may" order the county to pay. We conclude that the only reasonable interpretation of the statutory language is that, if only one of the parties is indigent, the court may *not* order the county to pay the guardian ad litem fees.

¶ 8. Olmsted contends that where one party is indigent and the other is not, the statute authorizes the court to allocate part of the payment to the non-indigent party and part to the county. We disagree. Her interpretation may have been correct under the prior wording of the statute, which provided that "[i]f either or both parties are unable to pay," the court may direct the county to pay the fees "in whole or in part." WIS. STAT. § 767.045(6) (1993–94). By contrast, the current statute provides that the court may order the county to

pay the fees "[i]f both parties are indigent." WIS. STAT. § 767.045(6). The change in wording is a clear signal that the legislature intended to decrease the number of cases in which counties are ordered to pay for guardians ad litem. Under the present provision, when one party is indigent and the other is not, a court's only option is to order the non-indigent party to pay the guardian ad litem's fees.

¶ 9. There can be no dispute that the trial court found Olmsted indigent. The court stated that Olmsted "is at a poverty level . . . I can't order her to make any payments." It later commented, "I think there is no question that she is indigent and he is not, so, therefore, the payment is going to have to come from Mr. Heimerl." The County asserts that the trial judge merely "changed his mind" regarding Olmsted's inability to pay before ordering her to pay $50 per month towards the guardian ad litem fees. We reject the County's characterization for two reasons. First, the court never said it was rescinding or even revisiting its determination that Olmsted was indigent, and it gave no reason for a "change of mind" when it ordered payment from her. Moreover, we note that the County argued to the trial court that it should "apply the 814.29 standard" in determining the parties' indigence, and when the County was informed that Olmsted was represented "through the Legal Action Program . . . on a pro bono basis," it conceded that "Ms. Olmsted meets the standard." We will not permit the County to take an arguably inconsistent position on appeal. *See State v. Petty*, 201 Wis. 2d 337, 347, 548 N.W.2d 817 (1996) (Equitable doctrine of judicial estoppel "precludes a party from asserting a position in a legal proceeding and then subsequently asserting an inconsistent position.").

¶ 10. We thus return to the principal question in this appeal, did the trial court erroneously exercise its discretion in ordering an indigent party to pay a portion of the guardian ad litem's fees? The appealed order requires Olmsted to pay $50.00 per month "during the pendency of this action." The language of WIS. STAT. § 767.045(6) strongly implies that indigent parties should not be ordered to pay guardian ad litem fees at the inception or during the pendency of an action. As we have noted, if "both parties are indigent," the county may be ordered to pay the guardian ad litem, subject, however, to a later order or judgment for reimbursement by the parties of fees paid by the county. *See id.* More importantly, however, we conclude that requiring an indigent party to make "up-front" payments for the services of a guardian ad litem infringes on the party's right of access to the courts. The supreme court has explained that "litigants must be given their day in court. Access to the courts is an essential ingredient of the constitutional guarantee of due process." *Piper v. Popp*, 167 Wis. 2d 633, 644, 482 N.W.2d 353 (1992); *see also Boddie v. Connecticut*, 401 U.S. 371 (1971) (mandating the waiver of filing fees for indigent parties seeking divorce).

¶ 11. Olmsted could not have litigated her claim for increased placement of her children without the appointment of a guardian ad litem. *See* WIS. STAT. § 767.045(1)(a)2 ("The court shall appoint a guardian ad litem for a minor child in any action affecting the family if . . . physical placement of the child is contested."). The appealed order requires Olmsted to immediately begin making monthly payments for guardian ad litem fees, despite her indigence. The

order was entered at the inception of the instant litigation, before the placement issues Olmsted raised had been resolved or even addressed. We conclude that the order infringes on Olmsted's due process right of access to the courts, and thus constitutes an erroneous exercise of discretion.[6]

¶ 12. The County argues that Olmsted waived any argument that her indigence precludes her from making up-front payments of guardian ad litem fees, because she failed to object at the time of the trial court's order. Olmsted responds that she did not object because (1) she was relying on the court's determination that she was indigent and would not have to pay guardian ad litem fees; and (2) if she had objected to the court's order for payment at the conclusion of the hearing, she ran the risk that the guardian ad litem would not be appointed, thus depriving her of the opportunity to have her placement request heard. Although we agree that Olmsted should have objected when the court made an order inconsistent with its finding on indigence, we do not apply the waiver rule in this case. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980) (noting that the waiver rule is one of administration, not jurisdiction, and it is a general rule to which there are exceptions). We conclude that "the question presented is of sufficient public interest to merit a decision," *see State v. Gaulke*, 177 Wis. 2d 789, 794, 503 N.W.2d 330 (Ct. App. 1993), and it is one that is likely to recur. *See Waukesha County v. Pewaukee*

---

[6] We do not address whether a court may, in its discretion, order reimbursement at the conclusion of litigation, from a party initially determined to be indigent, for payments of guardian ad litem fees made by the other party or by the county. That question is not presented on the facts before us.

*Marina, Inc.*, 187 Wis. 2d 18, 22, 522 N.W.2d 536 (Ct. App. 1994).

¶ 13.   The guardian ad litem and the County ask us to also address the proper hourly rate for compensation of guardians ad litem. We decline to do so because the guardian ad litem has not appealed the rate ordered by the court. (In fact, the guardian ad litem stipulated to "the seventy dollar an hour rate.") Thus, this issue is not before us.

## CONCLUSION

¶ 14.   For the reasons discussed above, we reverse the appealed order and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.