COURT OF APPEALS
DECISION
DATED AND FILED

September 16, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2019AP1820**
**2020AP513**
**STATE OF WISCONSIN**

Cir. Ct. No. 2012FA110

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE CUSTODY OF A.L.R.I.:

JACOB SELL,

   PLAINTIFF-APPELLANT,

   V.

ROBYN SPECTOR,

   DEFENDANT-RESPONDENT.

---

IN RE THE ORDER FOR PAYMENT OF
GUARDIAN AD LITEM AND EXPERT WITNESS FEES IN:

JACOB SELL,

   PLAINTIFF-APPELLANT,

   V.

ROBYN SPECTOR,

   DEFENDANT-RESPONDENT.

APPEALS from orders of the circuit court for Vernon County: DARCY JO ROOD, Judge. *Affirmed*.

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Jacob Sell, pro se, appeals orders determining child placement and ordering payment of Guardian ad Litem (GAL) and expert witness fees.  Sell raises numerous claims of circuit court error, and he requests that this court reverse the court's placement determination and its orders for payment of fees.  We conclude that Sell has not established any basis for this court to grant the requested relief.  We affirm.

¶2    This action was initiated between Sell and Robyn Spector in September 2012, when Sell petitioned to establish his paternity of Spector's child, A.L.R.I.[1]  After Sell's paternity was established, the circuit court appointed a GAL to represent A.L.R.I.'s interests.   In March 2013, Sell moved for temporary placement.   In June 2013, the court entered a temporary order granting Sell supervised visits.   In December 2013, the court entered an order suspending supervised visits and directing Sell to complete an anger management assessment and to comply with all treatment recommendations.   The order stated that supervised visits would resume when the treatment provider advised that Sell had

---

[1]  The parties refer to the child as A.L.R.I., although at times the child is referenced in the record with the initials A.L.R.S.  We follow the parties' lead and refer to the child as A.L.R.I.

complied with treatment recommendations so that anger issues were no longer a barrier to the visits.

¶3      In June 2019, the circuit court held a final hearing in the paternity action.  After the hearing, the court entered an order granting custody to Spector and denying Sell placement under WIS. STAT. § 767.41(4)(b) (2019-20)[2] on the basis that placement would endanger A.L.R.I.'s physical, mental, or emotional health.  The court ordered that no placement would occur with Sell until he demonstrated that he had completed anger management counseling; participated in individual counseling; attended parenting education classes; and achieved an ability to modify his behavior so that he would not pose a risk of harm to A.L.R.I.  In January 2020, the court entered an order finding that Sell and Spector were equally responsible for payment of GAL and expert witness fees.  The court ordered Sell to reimburse the county for the $2,604 GAL fee and Spector to reimburse the county for the $2,600 expert witness fee.  Sell appeals.  Specifically, Sell requests that this court reverse the circuit court's placement decision and its orders for payment of fees, including the January 2020 order for payment of GAL and expert witness fees.

¶4      Sell argues first that the circuit court erred by failing to give Sell the oral termination of parental rights (TPR) warnings required under WIS. STAT. § 48.356 at the June 21, 2019 hearing.  Under WIS. STAT. § 767.41(4)(cm), "[i]f a court denies periods of physical placement under this section, the court shall give the parent that was denied periods of physical placement the warning provided

_____

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

3

under s. 48.356." Under § 48.356(1), "the court shall orally inform the parent or parents who appear in court … of any grounds for termination of parental rights under s. 48.415 which may be applicable and of the conditions necessary for … the parent to be granted visitation."[3] However, this appeal concerns a custody and placement order under WIS. STAT. ch. 767, not an order terminating parental rights under WIS. STAT. ch. 48. Even if we assume without deciding that the court erred by failing to give Sell the oral TPR warning at the final hearing, Sell does not explain how that error would provide a basis to disturb the court's placement decision.

¶5 Sell also argues that the circuit court erroneously exercised its discretion by denying him placement with A.L.R.I. on the basis that placement would endanger A.L.R.I.'s physical, mental, or emotional health. He contends that there were no allegations that he abused or neglected A.L.R.I. He argues that the court and parties had agreed to prior placement orders, and contends that nothing had changed and that no evidence supported denying him placement. We disagree.

¶6 Under WIS. STAT. § 767.41(4)(b), "[a] child is entitled to periods of physical placement with both parents unless, after a hearing, the court finds that physical placement with a parent would endanger the child's physical, mental or emotional health." Here, after a hearing, the circuit court relied on expert witness testimony to find that placement with Sell would endanger A.L.R.I.'s physical,

---

[3] WISCONSIN STAT. § 48.356(2) provides that "any written order which … denies visitation under sub. (1) shall notify the parent or parents … of the information specified under sub. (1)." Here, the circuit court attached the written TPR warning to the order denying Sell placement.

mental, or emotional health. The court's finding was supported by expert opinion and Sell has not established a basis for this court to disturb that finding. *See* ***Hughes v. Hughes***, 223 Wis. 2d 111, 128, 588 N.W.2d 346 (Ct. App. 1998) ("In reviewing a trial court's determination on physical placement and custody, we accept the court's factual findings unless they are clearly erroneous.").

¶7 Separately, Sell argues that the circuit court erred by failing to require financial disclosures before the court ordered payment of GAL and expert witness fees. Sell argues that financial disclosures are required in all actions affecting the family under WIS. STAT. § 767.127(1). He also argues that the court erred by failing to consider the financial resources of the parties before assigning costs and fees, *see* WIS. STAT. § 767.241(1) (the court may order fees and costs "after considering the financial resources of both parties"), and by ordering him to pay GAL fees because, he asserts, the court found that he is indigent and Spector is not, *see* ***Olmsted v. Circuit Court for Dane County***, 2000 WI App 261, ¶¶5, 8, 240 Wis. 2d 197, 622 N.W.2d 29 (indigent party may not be ordered to pay guardian ad litem fees; when only one party is indigent, non-indigent party must pay the GAL fees). We are not persuaded.

¶8 Assuming without deciding that financial disclosures were mandatory in this action, Sell has not explained how the circuit court's decisions as to fees were affected by the lack of disclosures. *See* WIS. STAT. § 805.18(2) (we disregard any circuit court error that does not affect the substantial rights of any party); ***Martindale v. Ripp***, 2001 WI 113, ¶32, 246 Wis. 2d 67, 629 N.W.2d 698 ("For an error to 'affect the substantial rights' of a party, there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." (quoted source omitted)). As a basis for contesting the court's decisions as to fees, Sell merely asserts that he was found indigent and that

Spector was not.  However, while Sell asserts that the court found that Spector was not indigent, none of the record citations he provides support that assertion. Spector filed a petition to waive fees and costs and affidavit of indigency on March 6, 2019.  On April 25, 2019, the court issued a form order denying Spector's petition for waiver of fees and costs.  However, the court did not check either the "indigent" or "not indigent" box on the form order to make a finding as to indigency.  Rather, the court checked the "other" box, and wrote:  "Ms. Spector has retained private counsel and can afford GAL fees."  Then, in January 2020, the court issued an order directing the county to pay the GAL and expert witness fees on behalf of the parties and found the parties equally responsible for reimbursement.  It appears from the court's January 2020 order that the court found that both parties were indigent for purposes of up-front payment of fees, *see Olmsted*, 240 Wis. 2d 197, ¶10 (explaining that a court may order county to pay GAL and expert witness fees based on parties' indigency, and order the parties to reimburse the county for those fees), and Sell has cited nothing in the record that contradicts that finding.  Sell has therefore not established a basis for this court to disturb the circuit court's decisions as to payment of fees.[4]

¶9     Sell also contends that his due process rights were violated because, he asserts, the circuit court denied him access to the courts based on his inability to pay fees; failed to hold a hearing within thirty days of Sell's motion to enforce placement as required under WIS. STAT. § 767.471(5); failed to hold a final

[4] As far as we can tell, the first time the circuit court found Sell indigent was by order dated March 1, 2019.  A prior circuit court order, dated July 18, 2013, found that Sell had asserted but failed to prove that he was indigent.  To the extent that Sell is contesting the orders as to payment of fees prior to the March 2019 finding that Sell was indigent, Sell has not explained the basis for his challenge to those orders.

hearing until seven years after this action was initiated and then informed Sell near the end of the hearing that it was the final hearing; failed to rule on the admissibility of expert testimony prior to the hearing and then allowed the testimony over Sell's objection that the witness was biased; limited the hearing to five hours; limited Sell's cross-examination and direct testimony; relied on police and probation reports; and made findings unsupported by the evidence. However, Sell has not developed any argument that is adequately supported by the record and legal authority to establish both that the court erred and that any such error affected the court's decision as to placement or the payment of fees. We reject Sell's contentions as insufficiently developed. *See* **State v. Pettit**, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (declining to address issues "so lacking in organization and substance that for us to decide [them], we would first have to develop them").

¶10 Sell also argues that the circuit court erred by finding him in contempt for failing to pay GAL fees and ordering him incarcerated for sixty days as a sanction. He contends that the court failed to conduct a colloquy with Sell to ensure that he understood that his liberty interests were at risk and that he had a right to an attorney before the contempt hearing. Again, however, Sell has failed to sufficiently develop an argument, with adequate citations to the record or legal authority, that would provide a basis to disturb the orders as to placement or fees.

¶11 Finally, Sell contends that the circuit court erred by failing to set clear conditions for visitations to resume. We disagree. The order set forth four clear conditions that Sell must meet before visitations may resume: (1) complete until discharged anger management counselling; (2) participate in meaningful individual counseling to address his mental health issues; (3) attend parenting education classes geared toward teaching the effects of trauma on young children;

and (4) demonstrate to the circuit court that he is able to modify his behavior so that he does not pose a risk of harm to A.L.R.I. Sell has not established any basis for this court to disturb the circuit court's orders.[5] We affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] To the extent this opinion does not address any additional issues raised in Sell's briefs, we deem those issues insufficiently developed to warrant a determination by this court.