GREEN TREE ESTATES, INC., Appellant, v. FURSTENBERG and others, Respondents.

*October 2—October 29, 1963.*

For the appellant there was a brief by *Walstead, Anderson, Bylsma & Eisenberg* of Madison, and oral argument by *Clarence G. Bylsma.*

For the respondents there was a brief and oral argument by *Philip L. Kapell* of Madison.

GORDON, J. The plaintiff insists that the defendants should pay for the curb, gutter, and street improvements, just as they are now paying (or have paid) for sewer, water, and sidewalk improvements. The difference is that the latter were installed by the city of Madison and the former by the plaintiff.

Two principal arguments are advanced in support of the plaintiff's position. The first is that it should stand in the shoes of the city of Madison by way of subrogation; the second is that the plaintiff should recover under the doctrine of unjust enrichment.

## I. *Subrogation to the City's Rights.*

It is conceded that the plaintiff's election to have the curbs, gutters, and street work done privately was completely voluntary. The ordinances of the city of Madison permit a land developer to have such improvements installed under a pri-

vate contract. Having made such choice without compulsion, can the plaintiff recover from the landowners by being subrogated to the right which the city possesses to collect in full from the individual owners?

It should be noted that the plaintiff does not claim the right to make an assessment as such; rather it seeks to recover the full amount by way of a judgment in its favor. Having paid for the same work which the city could have charged to the owners, the plaintiff insists an equitable principle of subrogation should be available to award it a judgment for the amount reasonably expended. Restatement, Restitution, p. 653, sec. 162.

The only authorities cited in support of this contention are *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 105, 92 N. W. (2d) 247, and the Restatement of Restitution. In our opinion, neither citation supports the plaintiff's position. Both authorities are concerned with unjust enrichment but do not suggest a separate grounds of recovery based on subrogation to a municipality's right to collect.

The power of a municipality to levy an assessment against a private owner is one which exists by right of statute, and the restrictions of the statute must be met if the assessment is to be deemed valid. In *Thomas v. Waukesha* (1963), 19 Wis. (2d) 243, 250, 120 N. W. (2d) 58, 62, this court, in interpreting the provisions of sec. 66.60, Stats., said:

". . . the procedural steps of sec. 66.60, Stats., are jurisdictional and failure to conform to the procedural steps of the statutes is fatal to the exercise of the police power."

The court there also quoted 14 McQuillin, Mun. Corp. (3d ed.), p. 57, sec. 38.07, as follows:

" 'The nature and extent of such power must be determined from the express grant, and municipal authorities must adhere strictly to its terms, for any material departure therefrom especially of a jurisdictional nature, is fatal to the va-

lidity of the assessment. This is to say that, in levying special assessments or taxes due observance of all mandatory and jurisdictional provisions of the applicable law is indispensable. All limitations expressed or implied therein must be strictly observed. If the applicable law prescribes the mode of exercising the power, the mode prescribed must be followed, or the assessment will be void; . . .' "

The necessity for full compliance with the procedural requirements of the statutes compels our rejection of the plaintiff's claim that it is somehow entitled to be subrogated to the city's rights. In reality, this argument on the part of the plaintiff is that it should recover on the basis of unjust enrichment, which we shall next examine.

## II. *Unjust Enrichment.*

There is no doubt that the installation of curbs, gutters, and a street base for blacktop constituted improvements; if the defendants do not have to pay therefor they have enjoyed a windfall. The question remains open for determination, however, whether in equity their enrichment can be denominated unjust.

We noted earlier the complete voluntary nature of the plaintiff's decision to have the improvements installed by private contractors. The plaintiff, by its own choice, without compulsion from the city and without the consent of the defendants, chose to proceed with the improvements. Indeed, it may fairly be said that the record demonstrates that the plaintiff had the work done for its *own* benefit; the improvements were undertaken by the plaintiff in order to facilitate the plaintiff's loan arrangements with the FHA.

Is it appropriate under these circumstances to conclude that the resultant enrichment to the defendants is equitably unjust? We conclude that there was no mistake, emergency, or compulsion which would warrant the application of any equitable doctrine to aid the plaintiff.

In *Fitzgerald v. Buffalo County* (1953), 264 Wis. 62, 63, 58 N. W. (2d) 457, this court stated:

" 'Subrogation is allowed only in favor of one who under some duty or compulsion, legal or moral, pays the debt of another, which debt was a valid enforceable obligation against that person, and not in favor of him who pays a debt in performance of his own obligation, . . .' "

See also *Bank of Baraboo v. Prothero* (1934), 215 Wis. 552, 255 N. W. 126.

In Restatement, Restitution, p. 461, sec. 112, it is stated:

"A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred under circumstances making such action necessary for the protection of the interests of the other or of third persons."

In conclusion, we believe that the plaintiff in making these improvements did so without mistake, emergency, or compulsion; it acted for its own benefit and without requesting or receiving the approval of the defendants. It failed to protect itself by appropriate agreements with those whom it now seeks to charge. Under these circumstances, the defendants were enriched, but so far as this plaintiff is concerned not unjustly.

*By the Court.*—Judgment affirmed.