Susan C. NICHOLS, Petitioner-Appellant,

v.

Mark H. BENNETT, Columbia County District
Attorney, Respondent-Respondent.†

Court of Appeals

*No. 93–2480. Submitted on briefs June 8, 1994.—Decided
December 22, 1994.*

(Also reported in 526 N.W.2d 831.)

†Petition to review granted.

For the petitioner-appellant the cause was submitted on the brief of *Norma Briggs* of *Briggs Law Office* of Madison.

For the respondent-respondent the cause was submitted on the brief of *Mark H. Bennett*, Columbia County District Attorney, of Portage.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J.   Susan C. Nichols appeals from an order denying her open-records petition for mandamus, § 19.37(1)(a), STATS. The issue is whether the documents she requested are exempted from disclosure by *State ex rel. Richards v. Foust*, 165 Wis. 2d 429, 477 N.W.2d 608 (1991). We conclude they are not and reverse.

361

In August and September 1992, Nichols wrote to Mark H. Bennett, Columbia County District Attorney, requesting copies of open-records-request letters his office had received since January 1990, and his responses to them. She did not request a copy of any record that may have been provided to a requester. Bennett's final response to Nichols stated in part:

> [T]o my knowledge since 1990 my office has received [five] letters or motions requesting records pursuant to the Wisconsin Public Record Law. (This excludes your record requests.)
>
> In two instances, requests were made by defense attorneys for the personnel records of police officers in pending prosecution cases. I am not the custodian of the personnel records for any law enforcement officers. The requests were handled by the law enforcement agencies involved. In one the request was denied pursuant to a Wisconsin Supreme Court decision. In the other request, the defense attorney withdrew his request.
>
> In October, 1991, I received a written request from a Mr. Wilke for a copy of his closed prosecution case file of a criminal action I filed against him. I complied with his request. . . .
>
> It is my position that you are not entitled to letters or any documents contained in the above three closed prosecutorial files or any other closed prosecution files in my office.
>
> The basis for the denial is the Wisconsin Supreme Court case of State ex rel. Richards v. Foust . . ., which holds that prosecutorial files are exempt from public access. . . .
>
> Because of the above Wisconsin Supreme Court case, I am not obligated to respond to written requests for access to a closed prosecution file.

The letter went on to state that Nichols was entitled to receive two other requests Bennett's office had received because they were not part of prosecutorial files and did not contain investigative data, and the public interest in nondisclosure did not outweigh the right to inspect.

Nichols filed a petition for a writ of mandamus ordering Bennett to allow inspection of the other three requests. The records were not inspected *in camera* by the circuit court and are not part of the record before us. The circuit court denied the petition on the ground that the records "are not merely <u>stored</u> in closed prosecution files. On the contrary, those records <u>are part of</u> closed prosecution files and as such, are exempted from disclosure under *Foust*." Nichols appeals.

In *Foust*, the petitioner made an open-records request for the prosecutor's closed file on the petitioner's criminal prosecution. *Foust*, 165 Wis. 2d at 431, 477 N.W.2d at 608. The supreme court held that "the common law provides an exception which protects the district attorney's files from being open to public inspection." *Id*. at 433-34, 477 N.W.2d at 610.

Nichols argues that placement of a record in a "prosecutorial file" does not, by itself, exempt the record from disclosure. If it did, district attorneys could eviscerate the law simply by placing any record they wished to keep from public inspection in such a file. She argues that the records she requested do not pertain to the investigation or prosecution of crime, but to the management of the district attorney's office. Bennett responds that the records in question "relate directly to the prosecution" of criminal cases, and were "for all practical purposes—if not legal purposes—discovery motions."

We agree with Nichols's argument that a record is not automatically exempt merely because a custodian stores it in a closed prosecutorial file. The *Foust* decision must be limited to those items that actually pertain to prosecution. Whether an item actually pertains to a prosecution can be determined by looking at the purposes underlying *Foust*.

*Foust* relied on several cases to show the existence of a common law exception to the general rule of public disclosure. *Foust*, 165 Wis. 2d at 434-36, 477 N.W.2d at 610-11. All of those cases involved persons who sought to obtain information that had been discovered in the course of investigations such as John Doe proceedings, criminal investigations and fire marshall investigations. After reviewing those cases, the *Foust* court concluded: "Likewise, we find that access to *data collected* and placed into prosecutor files is not open to indiscriminate public view." *Id.* at 436, 477 N.W.2d at 611 (emphasis added). The court also quoted with approval from an attorney general opinion to the effect that "documentary *evidence* in the files of a district attorney" is excepted from the usual rule allowing public inspection. *Id.* (emphasis added). Therefore, the focus in *Foust* was on limiting access to information gathered in the course of an investigation, and not necessarily on limiting access to all administrative aspects of every prosecution.

To determine whether the records are exempt in the case before us, we rely on Bennett's description of them in his letter rejecting the requests, because the records are not of record. Bennett stated that two requests were made by defense attorneys for the personnel records of police officers in pending prosecution cases. He also stated that he received a written request

from "a Mr. Wilke" for a closed prosecution file in a criminal action Bennett had filed against him. The principles underlying *Foust* are not served by exempting such request letters. The material sought was not information gathered in the course of an investigation.[1] Bennett asserts that such requests are similar to a discovery motion, but, as Nichols notes, discovery motions are public documents available for public inspection in the court file.

Bennett argues on appeal that it is not in the public interest for him to produce the requested records because "to fully comply" with Nichols's request for all open-records requests received since 1990, it would be necessary for his office staff to spend many hours "searching every case file." However, Bennett did not give that reason for denial when he responded to Nichols's request, and he did not make the argument to the trial court. We do not consider it. In any event, complying with open-records requests is a duty of a district attorney. Section 19.31, STATS.

Because Bennett has not established that the requested records are exempt from public inspection, on remand the trial court must grant Nichols's petition for mandamus. We grant Nichols's request that we direct the trial court to award damages and attorney fees under § 19.37(2)(a), STATS., covering the circuit court and appellate proceedings.[2]

---

[1] We do not further define "information gathered in the course of an investigation."

[2] Nichols also seeks fees on the ground that part of Bennett's brief was frivolous. RULE 809.25(3), STATS., does not allow us to find that individual arguments in a brief are frivolous.

*By the Court.*—Order reversed and cause remanded with directions.