David L. GILBERT, Petitioner-Respondent,†

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-Appellant.

Court of Appeals

*No. 00–2154. Submitted on briefs April 6, 2001.—Decided June 6, 2001.*

## 2001 WI App 153

(Also reported in 633 N.W.2d 218.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the brief of *F. Thomas Creeron III*, assistant attorney general, and *James E. Doyle*, attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Robert R. Henak* of *Henak Law Office, S.C.*, Milwaukee.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. ANDERSON, J. The Wisconsin Department of Revenue (DOR) appeals from an order of the circuit court reversing a Wisconsin Tax Appeals Commission (TAC) decision to dismiss David L. Gilbert's petition for review and its decision to deny a rehearing. The DOR argues that Gilbert's petition for review was not filed within two years of the tax assessment as required under WIS. STAT. § 71.75(5) (1995–96),[1] and therefore TAC properly denied it. We agree with the DOR and reverse the circuit court order.

## Relevant Facts

¶ 2. On June 25, 1993, the DOR issued a Notice of Amount Due to Gilbert claiming taxes, interest and penalties totaling $19,992 under the then-existing Wisconsin tax on controlled substances. *See* WIS. STAT. §§ 139.87–.96. The DOR collected $11,928.21 from Gilbert pursuant to the assessment. On January 24, 1997, the Wisconsin Supreme Court held that the controlled substances tax violated the constitutionally guaranteed privilege against self-incrimination. *State v. Hall*, 207 Wis. 2d 54, 557 N.W.2d 778 (1997). On November 10, 1997, Gilbert requested a refund of $11,693.83, cit-

---

[1] All references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted.

ing the unconstitutionality of the controlled substances tax law under *Hall*. The DOR denied Gilbert's request because it was not filed within two years of the assessment as was required under WIS. STAT. § 71.75(5).

¶ 3.  On March 27, 1998, Gilbert requested a redetermination under WIS. STAT. § 71.88(1), objecting to the denial of his refund claim. On August 13, 1998, the DOR issued its notice of action letter denying the petition for redetermination.

¶ 4.  On October 9, 1998, Gilbert timely filed a petition for review with TAC alleging that the DOR assessment was invalid. In a motion dated November 5, 1998, the DOR sought an order dismissing Gilbert's petition, claiming that Gilbert's request for a refund was untimely and that Gilbert did not timely file a petition for redetermination.

¶ 5.  On November 23, 1998, Gilbert filed a cross-motion for summary judgment on the grounds that the controlled substances tax assessment dated June 25, 1993, was and is void under *Hall*. On August 27, 1999, TAC granted the DOR's motion to dismiss on the grounds that Gilbert's request for a refund was untimely under WIS. STAT. § 71.75(5) because he did not file it within two years after notice of the assessment under the controlled substances tax law.

¶ 6.  On September 9, 1999, Gilbert filed a petition with TAC asking it to grant a rehearing on its August 27, 1999 decision. On October 8, 1999, TAC denied Gilbert's rehearing petition. On November 2, 1999, Gilbert filed a Petition for Judicial Review of TAC's Ruling and Order. On June 21, 2000, by decision and order, the circuit court reversed TAC's ruling and order. Relying upon municipal property tax cases, the circuit court held that the DOR's assessment was void *ab initio* (void from the beginning) and that the time

limitations contained in WIS. STAT. § 71.75 were therefore inapplicable to Gilbert's refund claim. The DOR appeals from this circuit court order.

## Standard of Review

¶ 7.   On review of an administrative agency's decision, this court owes no deference to the decision of the circuit court. *Doersching v. State Funeral Dirs. & Embalmers Examining Bd.*, 138 Wis. 2d 312, 322, 405 N.W.2d 781 (Ct. App. 1987). Rather, this court directly reviews the decision of the administrative agency. *Id.* TAC's decision interpreted WIS. STAT. § 71.75. Statutory interpretation presents a question of law that we review de novo. *Ansani v. Cascade Mountain, Inc.*, 223 Wis. 2d 39, 45, 588 N.W.2d 321 (Ct. App. 1998).

## Law and Analysis

¶ 8.   Wisconsin's tax on controlled substances provided: "The taxes, penalties and interest under this subchapter shall be assessed, collected and reviewed as are income taxes under ch. 71." WIS. STAT. § 139.93(1). In short, § 139.93(1) tells us that controlled substances taxes are assessed and collected in the same manner as income taxes. Therefore, an understanding of the administrative procedures relating to income tax refund claims and assessments is necessary. There are four steps in that process. Our analysis begins and ends with step one. Under WIS. STAT. § 71.75, the first step a taxpayer must take is to file an individual refund claim with the DOR. Section 71.75 provides in relevant part:

738

**Claims for refund. (1)** [T]he provisions for refunds and credits provided in this section shall be the only method for the filing and review of claims for refund of income and surtaxes, and no person may bring any action or proceeding for the recovery of such taxes other than as provided in this section.

. . . .

**(5)** *A claim for refund may be made within 2 years after the assessment of a tax* . . . including penalties and interest, under this chapter, assessed by office audit or field audit and paid if the assessment was not protested by the filing of a petition for redetermination. (Emphasis added.)

TAC has held that if a taxpayer fails to file a refund claim within the time prescribed by statute, it lacks subject matter jurisdiction to determine whether the refund claim is valid. *See Bower v. Wis. Dep't of Revenue*, Docket No. 99-I–19 (1999). We agree with TAC's interpretation.

¶ 9.   TAC's powers in tax matters are defined in WIS. STAT. § 73.01(4), which provides in relevant part:

**(4)**   POWERS AND DUTIES DEFINED. (a) Subject to the provisions for judicial review contained in s. 73.015, the [tax appeals] commission shall be the final authority for the hearing and determination of all questions of law and fact arising under sub. (5) and . . . subch. XIV of ch. 71 [income taxes] . . . .

¶ 10.   Only after completing each step in the process may the taxpayer file a petition for review with the circuit court. WISCONSIN STAT. § 73.015 explains in relevant part:

**Review of determination of tax appeals commission. (1)** This section shall provide the sole and exclusive remedy for review of any decision or order of the tax appeals commission and no person may

contest, in any action or proceeding, any matter reviewable by the commission unless such person has first availed himself or herself of a hearing before the commission.

¶ 11. The legislature provided Gilbert an administrative remedy for recovery of allegedly illegal or excessive state taxes. Gilbert did not timely avail himself of the remedy that was provided for him. Gilbert did not a seek refund until well after the two-year statute of limitations had run. If Gilbert wanted his refund claim to be considered, it was incumbent upon him to file it within the two-year statute of limitations. Gilbert cannot now circumvent the process by leapfrogging over the required first step for seeking a tax refund. We have long held that where the legislature allows a remedy for recovery of allegedly illegal or excessive state taxes, that remedy is exclusive, and no action seeking a different remedy against the State may be maintained. *Schlesinger v. State*, 198 Wis. 381, 385–86, 223 N.W. 856 (1929).

¶ 12. Our supreme court solidified this edict in *Hogan v. Musolf*, 163 Wis. 2d 1, 471 N.W.2d 216 (1991). In *Hogan*, the taxpayers (retirees) brought an action in state court under 42 U.S.C. § 1983 alleging that the DOR had violated, and was continuing to violate, their federal statutory and constitutional rights by exacting taxes that discriminate against retired federal employees. *Hogan*, 163 Wis. 2d at 6. The primary issue was whether these taxpayers must exhaust their state administrative remedies before filing a § 1983 action in state courts. *Hogan*, 163 Wis. 2d at 6. Relying heavily on the "exclusive initial jurisdiction" language in WIS. STAT. § 73.01(4)(a), the *Hogan* court held that such an

action could not be maintained because "the Wisconsin statutes reflect the legislature's intent that persons who wish to contest the administration of the Wisconsin tax statutes must first pursue relief through available administrative remedies." *Hogan*, 163 Wis. 2d at 23–24. This reasoning is equally applicable here because, as we have already noted, both income and controlled substances tax claims are governed by the same state administrative procedures.

¶ 13.   The *Hogan* court described the necessary steps for pursuing refund claims:

> Aggrieved taxpayers seeking refunds must make a claim with the department of revenue pursuant to the procedure of sec. 71.75, Stats. and subch. XIV of ch. 71. If not satisfied with the Department's ultimate determination, the taxpayer may then obtain a hearing from the Tax Appeals Commission under sec. 73.01(4) . . . .
>
>       . . . .
>
> The language of sec. 73.01(4) plainly reflects the legislature's intent that the Commission have exclusive initial jurisdiction for all questions of law and fact arising under subch. XIV of ch. 71. . . . The Commission's determination may be appealed to the circuit court pursuant to sec. 73.015, Stats. . . . .

*Hogan*, 163 Wis. 2d at 24–25 (footnote omitted). The court went on to conclude that the exhaustion of administrative remedies by utilizing these procedures is mandatory in state income tax matters:

> We recognized in *Metzger* [*v. Dep't of Taxation*], 35 Wis. 2d 119, 127, [150 N.W.2d 431 (1967)], regarding the substantially similar language in the predecessors to these statutes, that a "more positive provision of exclusive jurisdiction in the adminis-

trative procedure can scarcely be found in our statutes." In *Metzger*, we concluded that because of the plaintiffs' failure to exhaust their administrative remedies under sec. 73.015, the circuit court was without jurisdiction to entertain the plaintiffs' suit to enjoin the department of taxation from assessing gift taxes.

*Hogan*, 163 Wis. 2d at 25 (citation omitted).

■

¶ 14.  Finally, we note that Gilbert makes much of the fact that the taxing statute he was assessed under has now been rendered unconstitutional. We do not agree with the circuit court's holding that the DOR's tax assessment was void *ab initio* (void from the beginning) and that therefore the time limitations contained in WIS. STAT. § 71.75 were inapplicable to Gilbert's refund claim. *Hogan* clarified that the DOR and TAC "would become ineffectual if they lost their authority to review a case every time a constitutional claim was asserted." *Hogan*, 163 Wis. 2d at 21–22.

■

¶ 15.  *Hogan* controls and supports our holding that administrative remedies must be timely pursued in connection with all claims, including claims that a state taxing statute is unconstitutional. *Id.* WISCONSIN STAT. § 71.75(5) specifically provides that any refund claim must be filed "within 2 years after the assessment of a tax." Gilbert's refund claim was not made within the required two-year period. Gilbert's refund claim was untimely. The legislature made compliance with this provision mandatory, since it is "the only method for the filing and review of claims for refund." Sec. 71.75(1). TAC properly dismissed Gilbert's claim and the circuit court improperly reversed TAC's ruling.

*By the Court.*—Order reversed.