DEPARTMENT OF NATURAL RESOURCES, Plaintiff-
Respondent,

v.

Bruce D. BOWDEN, Defendant-Appellant.

Court of Appeals

*No. 01–2820. Submitted on briefs January 22, 2002.—Decided
April 4, 2002.*

2002 WI App 129

(Also reported in 647 N.W.2d 865.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy L. Angel* of *Angel & Angel, S.C.*, Dodgeville.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Erik C. Peterson*, district attorney, Dodgeville.

Before Vergeront, P.J., Dykman and Roggensack, JJ.[1]

¶ 1. DYKMAN, J. Bruce Bowden appeals from a judgment of conviction for violating WIS. ADMIN. CODE § NR 45.05(1)(c) (Nov. 2001). He argues that WIS. STAT. § 59.73(2) (1999–2000)[2] authorizes land surveyors to drive motor vehicles on land managed by the Department of Natural Resources. We disagree and affirm.

## Background

¶ 2. Bruce Bowden is the land surveyor for Iowa County. On December 2, 2000, Bowden went to Blue Mounds State Park in a pickup truck to "reestablish the section corners . . . along the east side of Section 2 [of the park]." Before starting work, Bowden stopped at the ranger station to speak to Karl Heil, the park ranger

---

[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to WIS. STAT. RULE 809.41(3) (1999–2000).

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

and an officer for the Department of Natural Resources. Bowden informed Heil that he needed to survey inside the park on one of the trails. Heil told Bowden that he could go back on the trail, but that he could not drive on it; he would have to walk back. When Bowden assured Heil that he would not damage the trail, Heil warned Bowden that he would issue a citation for operating a motor vehicle in an unauthorized area if Bowden insisted on driving on the trail.

¶ 3. The conversation ended and Bowden returned to his truck. He drove it onto the trail, parking near the area he was going to survey. When he returned to the parking lot after he was finished surveying, Heil issued him a citation for driving the pickup truck on the trail, contrary to Wis. Admin. Code § NR 45.05(1)(c).

¶ 4. Bowden filed a motion to dismiss, which the circuit court denied. After a bench trial, the court found Bowden guilty of violating Wis. Admin. Code § 45.05(1)(c). Bowden appeals.

### Decision

■

¶ 5. This case requires us to interpret Wis. Stat. § 59.73 and Wis. Admin. Code § NR 45.05. These are questions of law, which we review de novo. *Gilbert v. DOR*, 2001 WI App 153, at ¶ 7, 246 Wis. 2d 734, 633 N.W.2d 218.

■

¶ 6. Bowden makes two interrelated arguments. First, he argues that he did not violate Wis. Admin. Code § NR 45.05(1)(c). Second, he contends that to the extent that he violated the regulation, Wis. Stat. § 59.73 provides him with immunity from prosecution. We disagree with both of these contentions.

¶ 7. WISCONSIN ADMIN. CODE § 45.05(1)(c) provides:

> No person may operate or park any vehicle as defined in s. 340.01(74), Stats., which is required to be registered by law on lands under the management, supervision and control of the [DNR] except:
>
> 1. On highways as defined in s. 340.01(22), Stats.
>
> 2. In posted parking areas and boat ramps.
>
> 3. Overnight by permit at state trail parking areas.
>
> 4. As otherwise specifically authorized by law or administrative rule.

There is no dispute that Bowden's pickup truck is a vehicle within the meaning of WIS. STAT. § 340.01(74), or that the trail is under the management, supervision and control of the DNR. It is also undisputed that the trail was not a highway or a posted parking area. Bowden contends, however, that the fourth exception applies because he was "specifically authorized" to drive his truck on the trail by WIS. STAT. § 59.73(2).

¶ 8. WISCONSIN STAT. § 59.73(2) provides:

> SUBDIVIDING SECTIONS. Whenever a surveyor is required to subdivide a section or smaller subdivision of land established by the United States survey, the surveyor shall proceed according to the statutes of the United States and the rules and regulations made by the secretary of the interior in conformity to the federal statutes. While so engaged a surveyor and the surveyor's assistants shall not be liable as a trespasser and shall be liable only for any actual damage done to land or property.

Bowden focuses on the last sentence of subsection (2) to make his argument. He asserts that because surveyors

are not liable as trespassers, this authorizes him to drive a truck on trails controlled by the DNR. We reject this argument.

¶ 9. The DNR did not charge Bowden with trespassing, it charged him with operating a motor vehicle in an unauthorized area. Therefore, WIS. STAT. § 59.73(2) simply does not apply. The statute grants surveyors only a right of access. It does not give a surveyor the right to bring a vehicle of his or her choice onto park trails. Following Bowden's argument to its logical conclusion would prevent the DNR from restricting surveyors in any way. But Bowden himself acknowledges that it is appropriate for the DNR "to impose time, place and manner restrictions" on surveyors. This is what the DNR has done. It has concluded that driving vehicles on certain trails creates a risk of damaging the land, and has therefore prohibited such conduct. Although Bowden protests that he did not damage the land, whether that is so is ultimately irrelevant. Preventing property damage may be the general purpose of WIS. ADMIN. CODE § NR 45.05(1)(c), but it is not an element of the regulation. Bowden violated the regulation the moment he drove his truck in an unauthorized area. Had he damaged the land as well, he could have been subject to additional penalties.

¶ 10. We do not doubt, as Bowden contends, that trucks are normally used in the course of surveying, that a motor vehicle is "the most efficient and cost effective way to gain access to property" and that the denial of motor vehicle use makes surveying more "burdensome." But knowing this does not change the plain language of WIS. ADMIN. CODE § NR 45.05(1)(c). Bowden has not argued that the DNR rule makes it physically impossible to perform his statutorily pre-

scribed duties under Wis. Stat. § 59.45.[3] And although it might be desirable to include an exception for sur-

[3] Wisconsin Stat. § 59.45 provides:

(1) Surveyor; duties. (a) The county surveyor shall do all of the following;

1. Execute, personally or by a deputy, all surveys that are required by the county or by a court. Surveys for individuals or corporations may be executed at the county surveyor's discretion.

2. Make, personally or by a deputy, a record, in books or on drawings and plats that are kept for that purpose, of all corners that are set and the manner of fixing the corners and of all bearings and the distances of all courses run, of each survey made personally, by deputies or by other land surveyors and arrange or index the record so it is an easy to use reference and file and preserve in the office the original field notes and calculation thereof. Within 60 days after completing any survey, the county surveyor shall make a true and correct copy of the foregoing record, in record books or on reproducible papers to be furnished by the county and kept in files in the office of the county surveyor to be provided by the county. In a county with a population of 500,000 or more where there is no county surveyor, a copy of the record shall also be filed in the office of the regional planning commission which acts in the capacity of county surveyor for the county.

3. Furnish a copy of any record, plat or paper in the office to any person on demand and upon payment to the county of the required fees.

4. Administer to every survey assistant engaged in any survey, before commencing their duties, an oath or affirmation to faithfully and impartially discharge the duties of survey assistant, and the deputies are empowered to administer the same.

5. Perform all other duties that are required by law.

(b) Surveys for individuals or corporations may be performed by any land surveyor who is employed by the parties requiring the services, providing that within 60 days after completing any survey the land surveyor files a true and correct copy of the survey in the office of the county surveyor. In counties with a population of 500,000 or more the copy shall be filed in the office of the

veyors in § NR 45.05(1)(c), we cannot read one in by judicial fiat. Bowden must persuade either the DNR to create an exception or the legislature to override the DNR regulation by statute.

¶ 11. We conclude that Bowden does not meet the exception under Wis. Admin. Code § NR 45.05(1)(c)4. Further, there is no conflict between § NR 45.05(1)(c) and Wis. Stat. § 59.73(2).

*By the Court.*—Judgment affirmed.

register of deeds and in the office of the regional planning commission which acts in the capacity of county surveyor for the county.

(2) SURVEYOR; DEPUTIES. The county surveyor may appoint and remove deputies at will on filing a certificate thereof with the clerk.

(3) SURVEYOR; FEES. In addition to the regular fees of land surveyors that are received from the parties employing the county surveyor, the county surveyor may receive a salary from the county.