# COURT OF APPEALS
# DECISION
# DATED AND FILED

## May 2, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2021AP1684**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019SC2013

**IN COURT OF APPEALS
DISTRICT III**

BRANDON HENCHEY AND TOMMY R. BLAKLEY,

  PLAINTIFFS-APPELLANTS,

V.

WAUSAU LANDMARK CORP.,

  DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Marathon County: LAMONT K. JACOBSON, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

¶1    STARK, P.J.[1]  In this landlord-tenant dispute, Wausau Landmark Corp. ("Landmark") was ordered to pay $1,250 to its former tenant, Tommy

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

(continued)

Blakley, which included $250 in attorney fees. Blakley and his co-plaintiff, Brandon Henchey, (collectively, "Blakley") now appeal, raising four arguments. First, Blakley argues that Landmark violated WIS. ADMIN. CODE § ATCP 134.09(9)(a) (Oct. 2021)[2] and WIS. STAT. § 100.18(1) by failing to inform Blakley that he would be charged an additional fee, beyond his monthly rent, to park his car in the parking lot adjacent to his apartment building. Second, Blakley argues that his rental agreement was void and unenforceable under WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9). Third, Blakley argues that the appropriate remedy for a void rental agreement is the return of all rent paid under the agreement. Fourth, Blakley argues that the circuit court erroneously exercised its discretion by awarding him only $250 in attorney fees and by failing to award him costs.

¶2      We reject Blakley's argument that Landmark violated WIS. ADMIN. CODE § ATCP 134.09(9)(a) and WIS. STAT. § 100.18(1). We therefore affirm with respect to that issue.

¶3      We agree with Blakley, however, that the rental agreement was void and unenforceable under WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9). We also agree with Blakley that the appropriate remedy for a void rental agreement is the return of all rent paid under the agreement. In addition, we agree that the circuit court erroneously exercised its discretion by

---

On September 27, 2021, the appellants filed a motion for a three-judge panel, which this court held in abeyance pending the completion of briefing. Based on our review of the parties' briefs and the record, we conclude that a three-judge panel is not necessary. Therefore, the motion is denied.

[2] All references to WIS. ADMIN. CODE ch. ATCP 134 are to the October 2021 register.

2

awarding Blakley only $250 in attorney fees and by failing to award him costs, without providing a reasoned explanation for its decision in that regard.

¶4     We therefore reverse the circuit court's judgment in part, with respect to Blakley's claim that the rental agreement was void and unenforceable and the court's award of attorney fees and costs. We remand for the court to: (1) determine the amount of damages that Blakley is entitled to recover as a result of the void rental agreement; and (2) reconsider the amount of attorney fees and costs that Blakley is entitled to recover, including an award of attorney fees and costs on Blakley's claim that the rental agreement was void and unenforceable.

## BACKGROUND

¶5     In June 2016, Blakley entered into a written residential rental agreement with Landmark to rent an apartment in Landmark's building for $500 per month. Blakley moved into the apartment on June 20, 2016, and ultimately moved out in June 2017.

¶6     Blakley filed the instant small claims lawsuit against Landmark in June 2019. He asserted various causes of action under the Wisconsin Statutes and administrative code, including claims for "rent abatement, unreturned sec[urity] deposit, improper property disposal, self-help eviction, failure to disclose code violations; breach of contract, statutory civil theft, conversion, fraudulent inducement, [and] personal injury-tort." Blakley also alleged that he was entitled to punitive damages because Landmark's conduct was malicious or in reckless disregard of his rights.

3

¶7      The case was tried before a court commissioner in December 2019. The court commissioner found in favor of Blakley on only one of his claims—specifically, his self-help eviction claim, which alleged that Landmark had changed the locks on Blakley's apartment before he finished moving out. The court commissioner determined that Blakley was entitled to double damages on that claim and therefore awarded him $1,000—double the amount of one month's rent. *See* WIS. STAT. § 100.20(5). The court commissioner acknowledged that Blakley was also entitled to recover attorney fees and costs on his self-help eviction claim. *See* ***id.*** Blakley's attorney submitted a "Petition in Support of Costs and Attorney Fees," which sought $8,900 in attorney fees and $124.50 in costs.

¶8      Landmark subsequently requested a trial de novo before the circuit court. Before trial, Blakley moved for partial summary judgment with respect to several of his claims. The court issued a written decision denying Blakley's motion. As relevant to this appeal, the court concluded, as a matter of law, that Blakley's rental agreement was not void and unenforceable under WIS. STAT. § 704.44(9). The court also concluded that Blakley was not entitled to summary judgment on his claim regarding fees that Landmark had charged him to park his car in the parking lot adjacent to Landmark's building.

¶9      The trial de novo took place on three dates over a four-month period. Following the trial, the circuit court found in favor of Blakley on a single claim—albeit not the same claim as the court commissioner. Namely, the court found that Landmark had failed to provide Blakley with a security deposit withholding statement. The court awarded Blakley $1,000 in damages on that claim—double the amount of his $500 security deposit. *See* WIS. STAT. § 100.20(5). The court

4

also awarded Blakley $250 in attorney fees. *See id.* The court did not award any amount of costs.

¶10    Blakley now appeals, arguing that the circuit court erred by rejecting his claim regarding the parking fees and by concluding that his rental agreement was not void and unenforceable. Blakley also argues that the court erroneously exercised its discretion by awarding him only $250 in attorney fees and $0 in costs. Additional facts relevant to these issues are included below.

## DISCUSSION

### I.  Parking fees

¶11    As noted above, Blakley argues that Landmark violated WIS. ADMIN. CODE § ATCP 134.09(9)(a) and WIS. STAT. § 100.18(1) by failing to inform him that he would be charged an additional fee, beyond his monthly rent, to park in the parking lot next to Landmark's building. Blakley asserts that the circuit court erred by denying his motion for summary judgment on this claim, and he further asserts that the court erred by ruling against him on this claim following the trial de novo.

#### A.  *Summary judgment*

¶12    We review a circuit court's decision on a summary judgment motion independently, using the same methodology as the circuit court. ***Hardy v. Hoefferle***, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate if there is no genuine issue of material fact and the undisputed facts establish that the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Here, our review of the circuit court's summary judgment decision requires us to interpret and apply WIS. ADMIN. CODE

§ ATCP 134.09(9)(a) and WIS. STAT. § 100.18(1). Statutory interpretation and the interpretation of administrative code provisions present questions of law that we review independently. ***DNR v. Bowden***, 2002 WI App 129, ¶5, 254 Wis. 2d 625, 647 N.W.2d 865.

¶13 In support of his summary judgment motion with respect to the parking fees claim, Blakley submitted the rental agreement and security deposit agreement that he had signed in June 2016 and a "Transaction Listing" from Landmark enumerating all of the rent and parking fees that were charged to (and paid by) Blakley during his tenancy. Blakley contends that these documents alone are "dispositive" of his parking fees claim and show that he was entitled to summary judgment on that claim.

¶14 Blakley's rental agreement identified the number of the apartment that he was renting and stated that his monthly rent would be $500. The agreement also stated that if Blakley desired an air conditioner, he would be required to pay a $20 installation fee and an electric fee of $30 per month. In addition, the security deposit agreement stated that Blakley was required to pay a security deposit of $500. Notably, neither the rental agreement nor the security deposit agreement made any reference to parking.

¶15 The "Transaction Listing" shows that Blakley moved into his apartment on June 20, 2016. On July 1, 2016, he was charged a parking fee of $50 for a portion of June and all of July. Blakley paid that fee and was not charged for parking again until November 1, 2016. From that point forward, Blakley was charged (and paid) a monthly parking fee of $35 for the remainder of his tenancy.

¶16 Contrary to Blakley's assertion, these documents do not show that he was entitled to summary judgment on his parking fees claim. Blakley contends

that Landmark's failure to disclose the parking fees to him at the time he rented his apartment violated WIS. ADMIN. CODE § ATCP 134.09(9)(a), which states:

> No landlord may do any of the following for the purpose of inducing any person to enter into a rental agreement:
>
> 1. Misrepresent the location, characteristics or equivalency of dwelling units owned or offered by the landlord.
>
> 2. Misrepresent the amount of rent or non-rent charges to be paid by the tenant.
>
> 3. Fail to disclose, in connection with any representation of rent amount, the existence of any non-rent charges which will increase the total amount payable by the tenant during tenancy.

¶17     The documents that Blakley submitted in support of his summary judgment motion do not show, as a matter of law, that Landmark violated WIS. ADMIN. CODE § ATCP 134.09(9)(a).  As a general matter, § ATCP 134.09(9)(a), prohibits a landlord from taking certain actions "for the purpose of inducing any person to enter into a rental agreement."  Nothing in the rental agreement or security deposit agreement supports a reasonable inference that Landmark made any misrepresentation regarding parking or failed to disclose the parking fees *for the purpose of inducing Blakley to enter into a rental agreement*.  The mere fact that Blakley was later charged (and paid) parking fees does not establish, as a matter of law, that Landmark's actions with respect to the parking fees were for the purpose of inducing Blakley to rent an apartment at Landmark's building.

¶18     Moreover, WIS. ADMIN. CODE § ATCP 134.09(9)(a)1. and 2. both prohibit landlords from making misrepresentations regarding certain topics. However, neither the rental agreement nor the security deposit agreement contained any representation—let alone a misrepresentation—regarding parking. The agreements were simply silent regarding that issue.  Blakley cites no legal

7

authority directly supporting the proposition that a landlord's silence can constitute a misrepresentation for purposes of § ATCP 134.09(9)(a)1. or 2. For these reasons, we conclude that Blakley was not entitled to summary judgment on his claim that Landmark violated § ATCP 134.09(9)(a).

¶19 We also conclude that Blakley was not entitled to summary judgment on his claim that Landmark violated WIS. STAT. § 100.18(1). To prevail on a claim under that statute, a plaintiff must prove three elements: (1) that the defendant made a representation to the public with the intent to induce an obligation; (2) that the representation was untrue, deceptive, or misleading; and (3) that the representation caused the plaintiff a pecuniary loss. *K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 2007 WI 70, ¶19, 301 Wis. 2d 109, 732 N.W.2d 792.

¶20 "Silence—an omission to speak—is insufficient to support a claim under WIS. STAT. § 100.18(1)." *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶40, 270 Wis. 2d 146, 677 N.W.2d 233. Section 100.18(1) does not "impose a duty to disclose, but, rather, prohibits only affirmative assertions, representations, or statements of fact that are false, deceptive, or misleading." *Tietsworth*, 270 Wis. 2d 146, ¶40. In this case, neither the rental agreement nor the security deposit agreement provides any evidence that Landmark made an affirmative representation regarding parking fees or regarding Blakley's ability to park in the lot adjacent to Landmark's building. While Blakley contends that Landmark failed to disclose that he would be charged an additional fee to park in that lot, the mere failure to disclose is insufficient to support a claim under § 100.18(1). *See Tietsworth*, 270 Wis. 2d 146, ¶40.

¶21 Furthermore, WIS. STAT. § 100.18(1) requires a plaintiff to prove that the defendant made an untrue representation *with the intent to induce an obligation*. **K & S Tool & Die Corp.**, 301 Wis. 2d 109, ¶19. As discussed above, the documents that Blakley submitted in support of his summary judgment motion did not establish, as a matter of law, that Landmark made any representation regarding parking with the intent to induce Blakley to rent an apartment in Landmark's building. Consequently, Blakley was not entitled to summary judgment on his claim that Landmark violated § 100.18(1).

*B. Trial de novo*

¶22 When we review a challenge to the sufficiency of the evidence at a bench trial, we affirm unless the circuit court's findings of fact are clearly erroneous. *See* WIS. STAT. § 805.17(2). The circuit court, not this court, is responsible for determining witness credibility and resolving conflicts in the evidence. **Global Steel Prods. Corp. v. Ecklund**, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269. We accept reasonable inferences that the circuit court drew from the evidence, and we search the record for evidence that supports the court's findings. **Id.**

¶23 The parties presented additional evidence regarding the parking fees issue during the trial de novo. Blakley testified that he was never told there would be a fee to park at his apartment building. Landmark's president, Scott Williams, testified that although there is parking on site at Landmark's building, parking is not "part of the lease" for the building's residential tenants. Williams explained:

> [W]e provide parking for the general public and rent the spaces out, and a lot of times that is a tenant who says, by the way, do you have a place for me to park my car? And we say, yes, we do; if you'd like to rent a space it's $35 a month, which was the cost. And then they tell us, yes, we

9

> want to rent the space or, no, we don't want to rent the space, but it's independent of the lease on the apartment.

Williams clarified that Landmark does not evict tenants from their apartments if they fall behind on their parking payments; instead, Landmark simply prohibits them from parking in the lot.

¶24    Williams further testified that if a tenant who had not paid for parking parked in Landmark's lot, Landmark would inform the tenant that the lot "was not for the general public, it was not for the apartment tenants, it was only for people that specifically agreed to pay for a space every month." He explained, "[I]f anybody asked us, is there parking included, the answer is no. If you want to rent a space, you know, you can, but it was not included with the apartment."

¶25    During its oral ruling following the trial de novo, the circuit court concluded that there was "insufficient evidence in the record to support Mr. Blakley's claim regarding the parking fees." The court found that "[i]nitially that parking was paid for voluntarily by Mr. Blakley." The court further found that while one would expect free parking "in a less urban setting," "the location of [Landmark's building] and its available parking negates [Blakley's] claim that he was somehow shocked or surprised by that assessment."

¶26    We agree with the circuit court that the evidence was insufficient to support Blakley's claim regarding the parking fees. Blakley did not present any evidence at trial showing that Landmark made a representation that parking was included in his monthly rent or that his status as a tenant entitled him to park in the lot adjacent to Landmark's building. At best, the evidence shows that Blakley simply assumed, based on Landmark's silence, that parking was included. As explained above, a landlord's silence on a particular issue is insufficient to support

10

a claim under WIS. ADMIN. CODE § ATCP 134.09(9)(a)1. or 2. or WIS. STAT. § 100.18(1), all of which require an affirmative misrepresentation.

¶27    In addition, the evidence presented at trial does not support a conclusion that Landmark failed to disclose the parking fees for the purpose of inducing Blakley to enter into the rental agreement, as required by WIS. ADMIN. CODE § ATCP 134.09(9)(a) and WIS. STAT. § 100.18(1).    Instead, Williams testified that, as a general rule, parking is not included for the building's residential tenants, and a residential tenant who wants to park in the lot adjacent to the building must make arrangements to do so and pay a separate fee.  Moreover, the circuit court expressly found, given the building's location, that Blakley would not have been "shocked or surprised" that parking was not included in his monthly rent.  The court's finding in that regard is not clearly erroneous.  *See* WIS. STAT. § 805.17(2).  On this record, the court properly concluded that Blakley had not presented sufficient evidence to establish a violation of § ATCP 134.09(9)(a) or § 100.18(1).

## II.  Void and unenforceable rental agreement

¶28    Blakley next argues that his rental agreement was "void and unenforceable" under WIS. ADMIN. CODE § ATCP 134.08(9) and WIS. STAT. § 704.44(9) "because its plain language would allow the landlord to evict a victim of a crime committed on the premises."  In its decision on summary judgment, the circuit court concluded, as a matter of law, that the rental agreement was not void and unenforceable.  Again, the interpretation of statutes and administrative code provisions present questions of law that we review independently.  ***Bowden***, 254 Wis. 2d 625, ¶5.

11

¶29    WISCONSIN STAT. § 704.44(9) states that a residential rental agreement is "void and unenforceable" if it allows a landlord to terminate a tenant's tenancy "based solely on the commission of a crime in or on the rental property if the tenant, or someone who lawfully resides with the tenant, is the victim, as defined in [WIS. STAT. §] 950.02(4), of that crime." WISCONSIN ADMIN. CODE § ATCP 134.08(9) contains identical language. The term "victim" includes "[a] person against whom a crime has been committed" but does not include "the person charged with or alleged to have committed the crime." Sec. 950.02(4)(a)1., (b).

¶30    Blakley asserts that two provisions of his rental agreement "separately or together" violate WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9). Specifically, the rental agreement states that the tenant agrees:

> 4. Not to make or permit use of the Premises (by Tennant [sic] or guests) for any unlawful purpose or any drug/alcohol purpose that would be illegal.
>
> 5. To not make excessive noise or engage in activities which unduly disturb neighbors or other Tenants in the building.

¶31    Blakley asserts that under paragraphs 4 and 5 of the rental agreement,

> if any tenant or guest does anything illegal (i.e., makes use of the premises for any unlawful purpose) or lets anyone else do something illegal, or engages in something disorderly on the premises,[3] the tenant is in breach and subject to eviction if that conduct constitutes a crime, even

---

[3] With respect to paragraph 5 of the rental agreement, Blakley notes that making excessive noise or engaging in activities that unduly disturb other tenants could constitute the misdemeanor crime of disorderly conduct under WIS. STAT. § 947.01.

if they or anyone residing with them (such as a child or significant other) was a victim of the crime.

Blakley further contends that the rental agreement contains "no exception to eviction for victims of any crimes that constitute a breach of the agreement under" paragraphs 4 and 5.

¶32 Paragraph 4 of the rental agreement prohibits a tenant from: (1) making use of the premises for an unlawful purpose; and (2) permitting the premises to be used for an unlawful purpose. If a tenant makes use of the premises for an unlawful purpose, then the tenant is not a victim of that unlawful conduct, as the term "victim" "does not include the person charged with or alleged to have committed the crime." *See* WIS. STAT. § 950.02(4)(b). Similarly, if a tenant "permits" the premises to be used by another for an unlawful purpose, it follows that the tenant would not be a victim of that crime. As the circuit court aptly noted, "[V]ictims are victims because of things that happened against their will, and [paragraph 4 of the rental agreement] is not violated if the tenant did not permit the criminal activity to occur (i.e., if it occurred without the tenant's permission)." Thus, we do not agree with Blakley that paragraph 4 of the rental agreement permits Landmark to terminate a tenant's tenancy based solely on the commission of a crime in the rental premises under circumstances where *the tenant* was the victim of that crime.

¶33 However, WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9) do not merely state that a rental agreement is void and unenforceable if it allows the landlord to terminate the tenant's tenancy based on the commission of a crime in the rental premises if *the tenant* was the victim of that crime. Section 704.44(9) and § ATCP 134.08(9) also state that a rental agreement is void and unenforceable if it allows the landlord to terminate the

13

tenant's tenancy based on the commission of a crime in the rental premises if *someone who lawfully resides with the tenant* was the victim of that crime. Here, paragraph 4 of the rental agreement would permit Landmark to terminate a tenancy if a tenant made use of the premises for an unlawful purpose or permitted another to make use of the premises for an unlawful purpose and a person who lawfully resided with the tenant was a victim of that crime.[4] For this reason, we agree with Blakley that the rental agreement is void and unenforceable under § 704.44(9) and § ATCP 134.08(9).[5]

¶34 The circuit court reasoned that "[r]ather than running afoul of WIS. STAT. § 704.44, [paragraph 4 of the rental agreement] does little more than incorporate WIS. STAT. § 704.17(3m), which authorizes evictions for criminal activity." Blakley does not argue, however, that the rental agreement is void because it authorizes evictions for criminal activity. He contends that the rental agreement is void because it authorizes such evictions without providing an exception that applies when the victim of the criminal activity is the tenant or a person who lawfully resides with the tenant. And, as Blakley correctly notes, § 704.17(3m)(c) expressly states that para. (b)—which permits a landlord to evict a tenant based on criminal activity by the tenant, a member of the tenant's

---

[4] For instance, consider a situation in which a tenant and a person whom the tenant had invited into the apartment got into a fight, and a person lawfully residing with the tenant was accidentally injured. In that situation, paragraph 4 of the rental agreement would allow Landmark to terminate the tenancy based solely on the tenant's criminal activity in the apartment, even though a person lawfully residing with the tenant was a victim of that criminal activity.

[5] Because we conclude that paragraph 4 of the rental agreement renders the agreement void and unenforceable under WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9), we need not address Blakley's argument that paragraph 5 also renders the agreement void under those provisions. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (court of appeals decides cases on the narrowest possible grounds).

14

household, or a guest or invitee—does not apply "to a tenant who is the victim, as defined in [WIS. STAT. §] 950.02(4), of the criminal activity."

¶35    The circuit court also stated that paragraph 4 of the rental agreement "must be read in light of the lease addendum that was attached as a second page, which sets forth the text of WIS. STAT. § 704.14." Section 704.14(1) provides that a tenant "has a defense to an eviction action if the tenant can prove that the landlord knew, or should have known, the tenant is a victim of domestic abuse, sexual assault, or stalking and that the eviction action is based on conduct related to domestic abuse, sexual assault, or stalking" committed by certain individuals. While this statute provides a defense to eviction for tenants who are the victims of domestic abuse, sexual assault, or stalking, it does not prohibit a landlord from terminating the tenancy of a tenant who is a victim of another type of crime that occurred in the rental premises. Thus, the fact that Landmark included the text of § 704.14 as an addendum to the rental agreement does not save the agreement from being void under WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9).

¶36    We recognize that this result appears to be harsh under the specific facts of this case, where Blakley has not alleged that any crime occurred in the rental premises, that he or anyone else legally residing in the apartment was a victim of a crime, or that he was evicted based on any criminal activity in the rental premises. In fact, the record shows that Blakley was not evicted from his apartment at all. Instead, he gave notice to Landmark of his intent to terminate his tenancy and then voluntarily moved out of his apartment.

¶37    WISCONSIN STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9) do not state, however, that a rental agreement is void and

15

unenforceable if a landlord *actually terminates* a tenant's tenancy based solely on a crime committed in the rental premises if the tenant or a person lawfully residing with the tenant was a victim of that crime. Instead, § 704.44(9) and § ATCP 134.08(9) state that a rental agreement is void and unenforceable if it *allows* a landlord to terminate a tenant's tenancy under those circumstances. Here, we have concluded that paragraph 4 of the rental agreement would allow Landmark to terminate a tenant's tenancy based solely on the commission of a crime in the rental premises under circumstances where a person lawfully residing with the tenant was a victim of that crime. Under the plain language of § 704.44(9) and § ATCP 134.08(9), the rental agreement is therefore void and unenforceable.

¶38 Because we conclude that the rental agreement is void and unenforceable under WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9), we now turn to Blakley's argument regarding the appropriate remedy. Blakley contends that when a rental agreement is "void" it is invalid, *see* WIS. STAT. § 704.02, and a "legal nullity," *see Baierl v. McTaggart*, 2001 WI 107, ¶20, 245 Wis. 2d 632, 629 N.W.2d 277. Blakley therefore asserts that when a rental agreement is void, the tenant is entitled to recover all the rent that he or she paid under the agreement.

¶39 Blakley further asserts that when a rental agreement is void, the landlord is not entitled to an offset for the value of the benefit that the tenant received from living in the apartment. In support of that proposition, Blakley notes that under the Wisconsin Consumer Act, when a transaction is void the customer "shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount" and "shall be

entitled to recover any sums paid to the merchant pursuant to the transaction." WIS. STAT. § 425.305.

¶40 Blakley also cites *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 2009 WI App 65, 318 Wis. 2d 802, 767 N.W.2d 394. There, we held that a customer had no obligation to pay for repairs performed by an automotive repair shop when the repair shop violated the administrative code by failing to obtain the customer's advance consent for the repairs. *Id.*, ¶1. We reasoned that allowing the repair shop an offset for the value of the repairs would "defeat the manifest object of the code by allowing repair shops to perform unauthorized repairs without the severe penalty of nonpayment." *Id.*, ¶25. We further explained:

> The repair shop and amicus curiae, Wisconsin Auto and Truck Dealers Association, believe this construction to be unfair, especially if, as they claim is undisputed in this case, the repairs made actually fixed the vehicle in a satisfactory manner such that the consumer received a valuable benefit. We understand that and commiserate with the repair shop and amicus curiae to the extent that the repair shop acted in good faith in not engaging in excessive and unnecessary repair. But to paraphrase an oft-repeated and now trite expression, the law is what the law is. If the association feels that the statutory damage provision is out of proportion to the harm done by the lack of authorized consent, its recourse is through the legislature, not the courts.

*Id.*, ¶26.

¶41 By analogy to these authorities, Blakley contends that he is entitled to recover all of the rent that he paid under the rental agreement and that Landmark is not entitled to any offset for the value of the benefit that Blakley received from living in the apartment. Landmark has not provided a developed response to this argument. Instead, Landmark's entire response to Blakley's argument regarding the appropriate remedy is as follows: "The circuit court

further explained in a footnote that, even if the lease were void for violating WIS. STAT. § 704.44(9), the applicable law does not provide for a return of all rents and double damages." Landmark does not explain: (1) why the circuit court rejected Blakley's argument regarding the appropriate remedy; (2) why the court's reasoning was correct; or (3) why Blakley's analysis is incorrect. Under these circumstances, we agree with Blakley that Landmark has conceded his argument regarding the appropriate remedy. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments may be deemed conceded).

¶42 In summary, we conclude that Blakley's rental agreement is void and unenforceable under WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9). Based on Landmark's concession of the issue, we accept Blakley's assertion that the appropriate remedy under these circumstances is the return of all rent paid under the rental agreement, without any offset for the value of the benefit that Blakley received from living in the apartment.[6] We further conclude that Blakley is entitled to double damages on this claim, as well as costs and reasonable attorney fees. *See* WIS. STAT. § 100.20(5); *Shands v. Castrovinci*, 115 Wis. 2d 352, 357, 340 N.W.2d 506 (1983).

---

[6] We reject Blakley's assertion that because the rental agreement is void, he should also be permitted to recover all parking fees that he paid to Landmark. As discussed above, the rental agreement was silent on the issue of parking and did not impose any obligation on Blakley to pay parking fees. Accordingly, the fact that the rental agreement is void does not entitle Blakley to return of the parking fees that he paid.

## III. Attorney fees and costs

¶43    Any person who suffers pecuniary loss because of a violation of WIS. ADMIN. CODE ch. ATCP 134 "shall recover … costs, including a reasonable attorney fee." WIS. STAT. § 100.20(5); *Shands*, 115 Wis. 2d at 357. "Our review of the circuit court's value of reasonable attorney fees and costs is limited to whether the circuit court properly exercised its discretion." *Anderson v. MSI Preferred Ins. Co.*, 2005 WI 62, ¶19, 281 Wis. 2d 66, 697 N.W.2d 73. A court properly exercises its discretion when it employs a logical rationale based on the facts of record and appropriate legal principles. *Id.*

¶44    During its oral ruling following the trial de novo, the circuit court concluded that Blakley had prevailed on only one of his claims under WIS. ADMIN. CODE ch. ATCP 134, and it therefore awarded him only $250 in attorney fees. Blakley's counsel then asserted that, when determining the amount of attorney fees that a party is entitled to recover, a court should apply the lodestar method—that is, the court should multiply a reasonable hourly rate times a reasonable number of hours. The court responded:

> All right, and I did—that's why I specifically said I find the reasonable attorney fees are—I recognize there was an insane amount of time invested in this case. I guess what I attempted to do was ascertain on my own what a reasonable amount of attorney fees would be directed only toward that specific issue [i.e., the security deposit claim], and I came up with $250.

¶45    Following the circuit court's oral ruling, Blakley's attorney filed a "Supplemental Petition in Support of Attorney Fees," which asserted that counsel had an hourly rate of $250 and had worked on Blakley's case for over 150 hours— which resulted in attorney fees in excess of $37,000. In addition, the supplemental

19

petition incorporated Blakley's previous attorney fee petition, which had asserted that Blakley was entitled to $124.50 in costs.

¶46 The circuit court subsequently entered a written order stating that Blakley was entitled to $250 in "reasonable attorney fees" "due to the limited nature of attorney work on this matter … solely on the issue on which Plaintiff prevailed." The court did not award Blakley any amount of costs. Blakley argues that the court erroneously exercised its discretion in this regard. Specifically, he contends that the court erred by failing to apply the lodestar method when determining the amount of reasonable attorney fees to which he was entitled and by failing to provide a reasoned explanation for its decision regarding attorney fees and costs.

¶47 Under the lodestar method, a court "must first multiply the reasonable hours expended by a reasonable rate." *Anderson*, 281 Wis. 2d 66, ¶39. The court may then make adjustments to the amount of attorney fees awarded based on the factors set forth in SCR 20:1.5(a). *Anderson*, 281 Wis. 2d 66, ¶39.

¶48 As Landmark notes, the legislature altered the analysis for determining reasonable attorney fees in 2011, when it enacted WIS. STAT. § 814.045. *See* 2011 Wis. Act 92, § 1. That statute provides that, in any action involving a dispute over the reasonableness of attorney fees, a court shall consider all of the following factors:

> (a) The time and labor required by the attorney.
>
> (b) The novelty and difficulty of the questions involved in the action.
>
> (c) The skill requisite to perform the legal service properly.
>
> (d) The likelihood that the acceptance of the particular case precluded other employment by the attorney.

(e) The fee customarily charged in the locality for similar legal services.

(f) The amount of damages involved in the action.

(g) The results obtained in the action.

(h) The time limitations imposed by the client or by the circumstances of the action.

(i) The nature and length of the attorney's professional relationship with his or her client.

(j) The experience, reputation, and ability of the attorney.

(k) Whether the fee is fixed or contingent.

(L) The complexity of the case.

(m) Awards of costs and fees in similar cases.

(n) The legitimacy or strength of any defenses or affirmative defenses asserted in the action.

(p) Other factors the court deems important or necessary to consider under the circumstances of the case.

Sec. 814.045(1). The statute further provides that in an action in which compensatory damages are awarded, the court shall "presume" that reasonable attorney fees do not exceed three times the amount of compensatory damages. Sec. 814.045(2). That presumption may be overcome, however, if the court determines that a greater amount of attorney fees is reasonable after considering the factors set forth above. *Id.*

¶49 It is clear the circuit court believed that Blakley's attorney over-tried this case. The court referred to the "insane amount of time invested in this case" and the "limited nature of attorney work" on the single issue on which Blakley prevailed. The court did not, however, apply the lodestar method or consider the factors set forth in WIS. STAT. § 814.045(2). The court simply stated, without

21

further analysis or explanation, that $250 was a reasonable award of attorney fees under the circumstances.

¶50    We cannot conclude that this was a proper exercise of the circuit court's discretion.  The record shows that Blakley's attorney charged $250 per hour for his services.  Even if Blakley had brought only a single claim against Landmark—the security deposit claim on which he ultimately prevailed following the trial de novo—it is inconceivable that Blakley's attorney would have spent only one hour of time on that claim.  As a matter of common sense, merely preparing the summons and complaint and appearing at the original trial before the court commissioner would have taken more than one hour of counsel's time.  Furthermore, counsel was obviously required to expend additional time on the security deposit claim in connection with the trial de novo.   Under these circumstances, while it is clear the circuit court did not believe that Blakley's attorney was entitled to the full amount of his claimed attorney fees, there is no basis in the record for us to conclude that the court's award of only $250 was a proper exercise of discretion.

¶51    Landmark argues that the factors set forth in WIS. STAT. § 814.045(1) support the circuit court's decision to award Blakley only $250 in attorney fees.  It is true that, when a circuit court fails to adequately explain its reasoning, we may search the record to determine whether it supports the court's discretionary decision. *Randall v. Randall*, 2000 WI App 98, ¶7, 235 Wis. 2d 1, 612 N.W.2d 737.  Here, our review of the record and our application of the factors in § 814.045(1) suggest that the court could have reasonably declined to award Blakley the full amount of his claimed attorney fees.  The record does not, however, provide any readily discernible basis for the court's decision to award Blakley only $250 in attorney fees.  Thus, even after independently reviewing the

record with respect to this issue, we cannot conclude that the court's award of only $250 in attorney fees was a proper exercise of discretion.

¶52    Moreover, we note that Blakley's original fee petition requested $124.50 in costs—comprised of a filing fee of $122.50 and a mail service fee of $2. The circuit court did not award Blakley any amount of costs, nor did the court provide an explanation for its failure to do so. The record provides no basis for us to conclude that the court properly exercised its discretion by declining to award Blakley his requested costs—which he was entitled to recover under WIS. STAT. § 100.20(5).

## CONCLUSION

¶53    For the reasons explained above, we affirm the circuit court's decision on Blakley's claim regarding the parking fees that he paid to Landmark. However, we reverse the court's decision that Blakley's rental agreement was not void and unenforceable under WIS. STAT. § 704.44(9) and WIS. ADMIN. CODE § ATCP 134.08(9), and we also reverse the court's decision regarding attorney fees and costs. We remand for further proceedings on those two issues.

¶54    On remand, the circuit court must determine the amount of damages that Blakley is entitled to recover as a result of the void rental agreement, consistent with the guidance set forth in this opinion. The court must also reconsider the amount of attorney fees and costs that Blakley is entitled to recover, providing a reasoned explanation for its decision in that regard.[7] The court must

---

[7] Blakley asserts that instead of remanding for the circuit court to determine a reasonable award of attorney fees and costs, this court should simply award Blakley the entire amount of the attorney fees and costs requested in the two fee petitions that Blakley filed. Blakley contends that this court "is in at least as good of a position to assess a fees petition as the circuit court."

(continued)

23

keep in mind that Blakley is entitled to recover attorney fees and costs on both his security deposit claim and his claim regarding the void rental agreement. We also note that the court's award of attorney fees on those claims should include attorney fees that Blakley has incurred in connection with this appeal. *See Shands*, 115 Wis. 2d at 359 ("[A] tenant who has suffered pecuniary loss because of a violation of [WIS. ADMIN. CODE ch. ATCP] 134 shall recover reasonable attorney fees for appellate review undertaken to attack or defend a [circuit] court's decision in the suit.").

¶55 Blakley may recover appellate costs under WIS. STAT. RULE 809.25(1). Landmark shall not receive appellate costs.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

We disagree. The deferential standard of review that we apply when reviewing a circuit court's award of attorney fees "acknowledges the circuit court's advantageous position in determining the reasonableness of a firm's rate and preparations." *Bernier v. Bernier*, 2006 WI App 2, ¶23, 288 Wis. 2d 743, 709 N.W.2d 453 (2005). Moreover, "[t]he function of this court is not to exercise discretion in the first instance but to review the circuit court's exercise of discretion." *Franke v. Franke*, 2004 WI 8, ¶55, 268 Wis. 2d 360, 674 N.W.2d 832. We therefore decline Blakley's request that we exercise our discretion in the first instance to determine a reasonable award of attorney fees and costs. Instead, we remand for the circuit court to make that determination.